Philippe M. Dwelshauvers, Esq., Fresno, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jesus Ramos Vallejo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") removal order. We dismiss the petition for review.

This court lacks jurisdiction to review the IJ's discretionary determination that Ramos Vallejo did not merit cancellation of removal. *See Romero–Torres v. Ash-*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*croft,* 327 F.3d 887, 890 (9th Cir.2003) (this court lacks jurisdiction to consider "all discretionary decisions involved in the cancellation of removal context, including the ultimate discretionary decision to deny relief").

Ramos Vallejo's contention that the IJ failed to properly weigh his equities is not supported by the record and does not amount to a colorable claim over which we have jurisdiction. *See Mendez–Castro v. Mukasey,* 552 F.3d 975, 980 (9th Cir.2009).

Ramos Vallejo's remaining contention is unavailing.

**PETITION FOR REVIEW DISMISSED.**

**Leonardo Fabio VELANDIA QUINONES; Claudia Ximena Beltran Vera, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–72206.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Sept. 13, 2010.*

Filed Sept. 24, 2010.

Leonardo Fabio Velandia Quinones, Aliso Viejo, CA, pro se.

Claudia Ximena Beltran Vera, Irvine, CA, pro se.

Mardy Sproule, Esquire, Law Offices of Mardy M. Sproule, Commerce, CA, for Petitioners.

Regina Byrd, Esquire, Marion Guyton, Esquire, Susan Houser, Carl Henry McIntyre, Jr., Assistant Director, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Leonardo Fabio Velandia Quinones and Claudia Ximena Beltran Vera, natives and citizens of Columbia, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's order denying their application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir.2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir.2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny the petition for review.

We reject respondent's renewed request to strike petitioners' brief.

Quinones had several encounters with guerrillas in which they attempted to recruit him to provide information about building projects, contracts, and other government operations. Quinones contends the harm he suffered from the guerrillas was on account of his political opinion and his membership in a particular social group.[1]

Substantial evidence supports the agency's finding that Quinones failed to establish the guerrillas' actions against him were politically motivated. *See id.* at 482; *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997) (persecution by anti-government guerrillas may not, "from that fact alone, be presumed to be 'on account of' political opinion"). We reject Quinones's claim that he is eligible for asylum based on his membership in a particular social group. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1171 (9th Cir.2005) (concluding "business owners in Colombia who rejected demands by narco-traffickers to participate in illegal activity" was "too broad to qualify as a particularized social group"). Because Quinones failed to establish a nexus to a protected ground, petitioners' asylum claim fails. *See INS v. Elias–Zacarias*, 502 U.S. at 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. To the extent Quinones contends he is a member of a social group distinct from the one the BIA considered and rejected, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Because petitioners did not establish eligibility for asylum, it necessarily follows they failed to satisfy the more stringent standard for withholding of removal. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir. 1995).

**PETITION FOR REVIEW DENIED.**

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.